# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TONY ALLEN HARDESTY, JR.,**

    **Plaintiff,**

    v.                                    CASE NO. 19-3122-SAC

**TINA MILLER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Tony Allen Hardesty, Jr., is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 3).

Plaintiff alleges in his Compliant that since May 30, 2019, Lt. Sutton and Sgt. Miller at the SCJ have stopped Plaintiff from receiving his mail other than his "Law Suite Packet." They told Plaintiff that because he is on Loss of Privileges ("LOP"), he cannot receive his mail or have visits or phone calls. Plaintiff is in 23/1 lockdown, which stops any and all contact with any outsider other than the inmates in segregation. Plaintiff has not been allowed to correspond with the courts and family. Lt. Sutton and Sgt. Miller keep sending Plaintiff's mail "downstairs" to the "basement." Plaintiff informed them that he was going to sue them and that they could lose

1

their jobs. Plaintiff was told that because he threatened their jobs he was not allowed to send or receive any mail from SCJ. Plaintiff alleges that he would like to sue the SCJ for withholding his mail. On August 7, 2019, Plaintiff filed a supplement (Doc. 4) alleging that he was sending mail out to his attorney and the Saline County District Court and Tina Miller opened his legal mail and then taped it shut.

Plaintiff names as defendants: Tina Miller, Sergeant at SCJ; (fnu) Sutton, Lieutenant at SCJ; and the SCJ. Plaintiff seeks damages in the amount of $250,000, for "distress as well as grief and the troubles the jail is putting [him] through." (Doc. 1, at 6.)

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however

true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Detention Facility

Plaintiff names the SCJ as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiff's claims against the SCJ are subject to dismissal.

### 2. Denial of Access to the Courts

Plaintiff alleges that his legal mail is being withheld. It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and

4

prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Plaintiff has not alleged that staff at the SCJ prevented him from accessing the courts or caused him actual injury. The claim is not plausible, particularly since he was able to file this action in federal district court as well as three additional cases that are pending before this Court. *See* Case Nos. 19-3120, 19-3154, and 19-3155. Plaintiff's claim is subject to dismissal.

5

### 3. Legal Mail

Plaintiff filed a supplement suggesting that legal mail was opened by Defendant Miller on one occasion. To add claims, a plaintiff must file an amended complaint. Furthermore, Plaintiff does not allege that this happened more than once. The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)).

Likewise, this Court has held that where a plaintiff has alleged merely two isolated incidents in which jail officials opened legal mail, plaintiff "must therefore show either an improper motivation by defendants or denial of access to the courts." *Thompson v. Hooper*, No. 05-3470-JWL, 2006 WL 1128692, at *4 (D. Kan. April 25, 2006) (citing *Florence*, 23 F. App'x at 972); *see also Bagguley v. Barr*, 893 F. Supp. 967, 972 (D. Kan. 1995) ("[A]ssuming these three envelopes were opened in violation of the applicable federal regulations, such conduct, under the circumstances of this case, does not rise to the level of a constitutional violation."); *Williams v. Armstrong*, No. 12-3136-SAC, 2013 WL 812185, at *4 (D. Kan. March 5, 2013) (claim dismissed where prisoner's legal mail was opened on one or more occasions and was explained to him as an error); *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1275 (D. Kan. 2007) (plaintiff could not show injury from alleged opening of legal mail where plaintiff did not argue interference with communication with counsel and did not show anything more than an inadvertent mistake by prison officials); *Rashaw-Bey v. Carrizales*, No. 09-3075-JAR, 2010 WL 3613953, at *8 (D. Kan. Sept. 3, 2010) (inadvertent opening of three envelopes

6

with no allegation of deliberate conduct on part of prison officials insufficient to establish a First Amendment constitutional violation). Because Plaintiff has not alleged improper motive or interference with access to the courts or counsel, he has failed to allege a constitutional violation and his claim is subject to dismissal.

### 4. Damages

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3122-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **October 11, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **October 11, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 18th day of September, 2019.**


<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**