IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY ALLEN HARDESTY, JR.,

    **Plaintiff,**

    v.                                       CASE NO. 19-3122-SAC

TINA MILLER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 3). On September 18, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), directing Plaintiff to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC. Plaintiff was also given an opportunity to file a proper amended complaint to cure the deficiencies. Plaintiff filed a Response (Doc. 6) to the MOSC.

In the MOSC, the Court found that Plaintiff's claims against the SCJ are subject to dismissal because prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

1

The Court also found that Plaintiff's claims regarding his legal mail are subject to dismissal because Plaintiff has not alleged that staff at the SCJ prevented him from accessing the courts or caused him actual injury. It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing."). The claim is not plausible, particularly since he was able to file this action in federal district court as well as three additional cases that are pending before this Court. *See* Case Nos. 19-3120, 19-3154, and 19-3155. Plaintiff filed a supplement suggesting that legal mail was opened by Defendant Miller on one occasion. To add claims, a plaintiff must file an amended complaint. Furthermore, Plaintiff does not allege that this happened more than once. The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)). Because Plaintiff has not alleged improper motive or interference with access to the courts or counsel, he has failed to allege a constitutional violation.

The Court also found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in

custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff's Response to the MOSC fails to address any of the deficiencies set forth in the MOSC. Instead, Plaintiff states that he is going to file another lawsuit and that he wants to continue *Hardesty v. Fay*, Case No. 19-3120, and "the rest can be dismissed." (Doc. 6.) Plaintiff has failed to address the deficiencies set forth in the MOSC. The Court finds that this case should be dismissed for failure to state a claim as set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED** that this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 2, 2019, in Topeka, Kansas.**

                                       **s/ Sam A. Crow**
                                       **Sam A. Crow**
                                       **U.S. Senior District Judge**